<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| RAYMOND A. McNEIL, | : | |
| Petitioner, | : | Civ. No. 21-3721 (RMB) |
| v. | : | |
| KAREN TAYLOR, | : | **OPINION** |
| Respondent. | : | |

BUMB, District Judge

I. INTRODUCTION

Petitioner Raymond A. McNeil is a pretrial detainee confined at the Camden County Correctional Facility ("CCCF") in Camden, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his ongoing state criminal proceedings. For relief, Petitioner seeks his immediate release from pretrial detention and dismissal of the criminal indictment against him.

Petitioner's application to proceed *in forma pauperis* (Dkt. No. 1-2) establishes his financial eligibility to proceed *in forma pauperis* and is granted. The habeas petition is ripe for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") (applicable to § 2241 habeas petitions through Rule 1(b)), which provides that the Court shall dismiss the habeas petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Petitioner's habeas petition is summarily dismissed without prejudice because Petitioner's claims are unexhausted.

II.     THE HABEAS PETITION

Petitioner raises several claims in his habeas petition; more specifically:

1. The selection of the grand and petit juries at Petitioner's first trial discriminated against Blacks, Hispanics and Native Americans.
2. The charging instrument is constitutionally defective because there was no probable cause determination by a judicial officer.
3. Petitioner was denied a probable cause hearing
4. Petitioner has been falsely imprisoned without a true bill of indictment returned.

Petitioner admits these claims are unexhausted. However, he states he has been unable to present these grounds because he is represented by counsel who refuses to make these arguments in his state criminal proceedings.

III.    DISCUSSION

Under limited circumstances, federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus to a pretrial detainee in state custody. *Moore v. DeYoung*, 515 F.2d 437, 441– 42 (3d Cir. 1975). Jurisdiction though without exhaustion of state court remedies should not be exercised at the pre-trial stage unless extraordinary circumstances are present. *Moore,* 515 F.2d at 443. "[J]urisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445–46).

There is nothing extraordinary about the claims Petitioner raises, which include discrimination during jury selection and improper/lack of charging documents. *See e.g. Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018) ("insofar as [the Petitioner]

sought to challenge the charges against him . . . he was required to do so through pretrial motions in his criminal case, not via a pretrial § 2241 petition"); *see also Duran*, 393 F.3d at 4 (affirming dismissal of § 2241 habeas petition by state pretrial detainee alleging in part he was subject to warrantless arrest and was detained without probable cause hearing because petitioner did not exhaust and failed to show extraordinary circumstances); *Moore*, 515 F.2d at 445 ("We emphasize that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court."). Petitioner must first present his defenses in state court and may seek habeas relief, if necessary, after he has exhausted those state court remedies. Thus, his habeas petition is summarily dismissed without prejudice.

IV.     CONCLUSION

For the foregoing reasons, Petitioner's *in forma pauperis* application is granted. Petitioner's habeas petition is summarily dismissed without prejudice. An appropriate order will be entered.

DATED: August 24, 2021                                s/ Renée Marie Bumb
                                                                                               RENÉE MARIE BUMB
                                                                                               United States District Judge